JENNIE KARNES, Appellant, v. AMERICAN FIRE INSURANCE COMPANY OF PHILADELPHIA, Respondent.

St. Louis Court of Appeals, January 7, 1896.

Jurisdiction, Appellate: PRACTICE IN CASES OF DOUBT. When this court is in doubt whether a constitutional question is presented by the record, it will transfer the cause to the supreme court in order that that court may determine the jurisdiction of the appeal.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

TRANSFERRED TO SUPREME COURT.

*J. H. Cupp* and *W. W. Fry* for appellant.

*George Robertson* for respondent.

ROMBAUER, P. J.—The defendant moves for a transfer of this case to the supreme court, on the ground that it involves the constitutional validity of a statute of this state.

The law in question was passed in 1887, and now forms section 2394 of the Revised Statutes of 1889, and enacts that "all parts of any contract or agreement hereafter made or entered into, which either directly or indirectly limit or tend to limit the time in which any suit or action may be instituted, shall be void."

The action is on a fire insurance policy which was issued after this law went into effect. The policy contains a provision which limits the right of action thereon, in case of loss, to one year after the happening of the loss. The present action was not brought within one year after the loss occurred, but was brought within one year after final nonsuit suffered in a former action, and within five years after the happening of the loss. The defendant, among other defenses, pleaded this clause of the policy in bar of the action.

The question of the constitutional validity of section 2394, *supra*, was not raised otherwise than by the interposition of this defense, but at the close of the evidence the court declared the law to be that the plaintiff could not recover, and rendered a judgment for the defendant. Whether this action of the court was based on its finding that the section was unconstitutional, or whether it was based on the fact that the court found the law against the plaintiff on other grounds, does not appear.

In this state of the record we are not prepared to say that the case does not involve a constitutional question, and will order its transfer to the supreme court so that that court, on an inspection of the record, may determine that question and either retain or remand the cause as it may be advised.

Ordered that the clerk of this court send all the papers in the cause to the supreme court, accompanied with a certified copy of this order of transfer. All the judges concur.